UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
NANDO L. HERNANDEZ,

        Plaintiff,

    -against-

C.O. JONES 17628,

        Defendant.
------------------------------------------------------------x

NOT FOR PRINT OR
ELECTRONIC PUBLICATION

**MEMORANDUM AND ORDER**
06-CV-3738 (ARR)

ROSS, United States District Judge.

Plaintiff, Nando Hernandez, brings this *pro se* action pursuant to 42 U.S.C. § 1983 to recover for injuries allegedly sustained by plaintiff while incarcerated at Rikers Island. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and for the reasons discussed below, directs plaintiff to file an amended complaint within thirty (30) days of the entry of this Order.

## BACKGROUND

Plaintiff, who is currently incarcerated at Rikers Island, is suing to recover unspecified damages for a head injury and temporary blindness allegedly caused by defendant while plaintiff was incarcerated at Rikers Island. Plaintiff's complaint states in its entirety that

> [o]n July 3, 2006 at ___ a.m on the a side 2 gentlemen was fighting[.] I Nando L. Hernandez was not involved in the fight. The C-post Officer C.O. Jones 17628 begin to brake up the fight by recklessly spraying (pepper) without regard's for other inmates. I was sprayed which temporary blinded me and thrown to ground. When I was thrown to ground I rec[eived] to bump on left of my head. I was taken to clinic and treated for head injury and swelling.

Compl. at 4.



## STANDARD OF REVIEW

Title 28, section 1915A of the United States Code requires this Court to review the complaint in a civil action in which a prisoner seeks redress from officers or employees of a governmental agency and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is frivolous, malicious, or fails to state a claim upon which relief may be granted ... or ... seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999)(per curiam).

Because plaintiff is proceeding *pro se*, his complaint must be read liberally and interpreted as raising the strongest arguments it suggests. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). Moreover, if a liberal reading of a complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend it. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999).

## DISCUSSION

This action is brought pursuant to 42 U.S.C. § 1983. "Section 1983 itself creates no substantive rights[, but] ... only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993), cert. denied, 512 U.S. 1240 (1994) (citing City of Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985)). In order to maintain a §1983 action, a plaintiff must allege not only that "the conduct complained of ... [was] committed by a person acting under color of state law," but also that "the conduct complained of ... deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)(citing Parratt v. Taylor, 451 U.S.

527, 535 (1981), <u>overruled on other grounds by</u> <u>Daniel v. Williams</u>, 474 U.S. 327 (1986)).

Plaintiff's claims concern allegations of excessive use of force in violation of the Cruel and Unusual Punishment Clause of the Eighth Amendment. Plaintiff alleges that defendant "recklessly" sprayed pepper spray in his face while trying to break up a prison fight. Plaintiff states that he was temporarily blinded and also received a bump on his head as a result of being thrown to the ground. An inmate claiming that a prison guard subjected him to cruel and unusual punishment by the use of excessive force has the burden of establishing both a subjective and an objective component. "To meet the subjective requirement, the inmate must show that the prison officials involved 'had a wanton state of mind when they were engaging in the alleged misconduct.'" <u>Griffin v. Crippen</u>, 193 F.3d 89, 91 (2d Cir. 1999) (quoting <u>Davidson v. Flynn</u>, 32 F.3d 27, 30 (2d Cir. 1994). The key question in determining this is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." <u>Hudson v. McMillian</u>, 503 U.S. 1, 7 (1992) (citing <u>Whitley v. Albers</u>, 475 U.S. 312, 320-21 (1986)); <u>Warren v. Chakravorty</u>, No. 03 Civ. 8736, __ WL __ (S.D.N.Y. July 25, 2006) (citing <u>Hudson</u>). "Where a prison disturbance was in progress at the time of the alleged constitutional violation, 'wide-ranging deference' must be afforded to the actions of the prison officials in quelling the disturbance. . . . If, however, the disturbance was already under control when the alleged violation occurred, the Court need not be as deferential." <u>Kee v. Hasty</u>, No. ___ Civ.___, 2004 WL 807071, at *12 (S.D.N.Y. April 14, 2004) (citations omitted).

The objective component requires that the alleged violation be "sufficiently serious" by objective standards. <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994). Although it is not required that the inmate suffered significant injury to prevail on an Eighth Amendment claim, <u>see</u> <u>Griffin</u>,

3

193 F.3d at 91 (citation omitted), "not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.1973). Therefore, not every "malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. Moreover, "'a *de minimis* use of force will rarely suffice to state a constitutional claim.'" Griffin, 193 F.3d at 91 (quoting Romano v. Howarth, 998 F2d 101, 105 (2d Cir. 1993)).

Here, plaintiff does not sufficiently plead facts to meet either the objective or subjective components under the Eighth Amendment. Based on plaintiff's allegations, it appears that the force allegedly used and the alleged injuries sustained by plaintiff were *de minimis*. See Waller v. Back, No. ___, 2006 WL 903231, at *1 (W.D.VA April 7, 2006) (complaint alleging that correctional officers spayed pepper spray into his cell in an attempt to subdue another inmate *sua sponte* dismissed under 28 U.S.C. § 1915A, finding that "correctional officers' utilized a minimal and reasonable amount of force to restore order" and plaintiff's injuries were *de minimis*); Tsehai v. v. Scribner, No. ___, 2006 WL 1319404, at *1 (E.D. Cal. May 15, 2006) (complaint alleging that plaintiff was pepper sprayed by correctional officers dismissed under 28 U.S.C. § 1915A based on a finding that the use of force used was *de minimis*); Perry v. Broadway, No. ___, 2005 WL 3277147, at *1 (E.D. Tex. Dec. 1, 2005) (correctional officer grabbing plaintiff's arm and pepper spraying him was a *de minimis* use of force; complaint dismissed under 28 U.S.C. § 1915A); Miller v. Corrections Corp. Of America, No. ___, 2005 WL 1773903, at *2 (W.D.Ky. July 25, 2005) (complaint alleging that plaintiff sustained temporary injuries from being subjected to pepper spray dismissed under 28 U.S.C. § 1915A, where "the force occurred in the larger context of a prison disturbance . . . [and] [t]he Court must afford substantial deference to

guards acting under significant pressure . . .." Court stated that "the allegations provide no reasonable inference that the use of pepper spray was unnecessary, wanton or applied sadistically or maliciously for the very purpose of causing harm."); Paldo v. Weston, Jr., No. ___, 2003 WL 22227866, at *1 (N.D.Tex. Sept. 26, 2003) (complaint alleging that entire prison pod was pepper sprayed dismissed under 28 U.S.C. § 1915A, based on a finding that "force was not utilized for the very purpose of causing plaintiff harm, but to restore order and discipline [and] the only injury plaintiff suffered was *de minimis*."). Thus, based on plaintiff's instant complaint, the Court is unable to determine if plaintiff states a claim under the Eighth Amendment.

## CONCLUSION

Accordingly, in light of this Court's duty to liberally construe *pro se* complaints, plaintiff is given thirty (30) days leave to file an amended complaint alleging an Eighth Amendment violation. Should plaintiff file an amended complaint, he must set forth facts to meet the subjective and objective components of an Eighth Amendment violation. Plaintiff must also detail the injuries he suffered and the care he received. Plaintiff should also state the amount of damages he is seeking.

Plaintiff is advised that any amended complaint he files will completely replace the original complaint. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number of this Order. No summons shall issue at this time and all further proceedings shall be stayed for thirty (30) days for plaintiff to comply with this Order. The Court

certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ ALLYNE R. ROSS
United States District Judge

Brooklyn, New York
September 19, 2006